United States District Court for the Western District of Texas
Austin Division

| | |
|---|---|
| Sydni Beuhler, § | |
|     Plaintiff, § | |
| § | Case no. 1:21-cv-00054 |
| v. § | |
| § | |
| City of Austin and § | |
| John Does, § | |
|     Defendants. § | |

**Plaintiff's Complaint and Request for Jury Trial**

To the Honorable Court:

**I.   Introduction**

This is a lawsuit about as-yet unidentified Austin police officers who arrested Sydni Beuhler to punish her for participating in a peaceful protest against police brutality on or near the intersection of 4th Street and Congress Avenue.  The unnamed officers arrested Sydni while Sydni was peacefully exercising her constitutional right to assemble with like-minded people and protest the government and police misconduct.

This lawsuit is also about the City of Austin's appalling response to protests—especially its pattern of violently violating demonstrators' civil rights—during the weekend of May 30-31, 2020. The City compounded its mishandling of the situation by failing to investigate or attempt to deter further misconduct by Officer Defendants and other police.

**Table of Contents**

I.   Introduction ................................................................................................................. 1
II.  Parties ........................................................................................................................ 2
III. Jurisdiction ................................................................................................................ 2
IV. Venue ........................................................................................................................ 3
V.  Facts .......................................................................................................................... 3
    A.   Officer Doe arrested Sydni Beuhler even though Sydni was doing nothing wrong. .... 3

VI. Claims..................................................................................................................4
  A. Officer Smart violated Sydni Beuhler's First Amendment rights when he arrested Sydni in retaliation for protesting police misconduct. .........................................................4
  B. Officer Defendants violated Sydni's Fourth and Fourteenth Amendment rights by using excessive force during her arrest. ...............................................................................5
  C. Officer Defendants acted with such impunity and reckless disregard for civil rights, this case warrants damages that will deter this type of misconduct in the future. ................7
  D. The City of Austin's policy of using excessive violence to control demonstration crowds violated protesters' First, Fourth, and Fourteenth Amendment rights. ....................8
VII. Damages..............................................................................................................9
VIII. Request for jury trial ..........................................................................................9
IX. Prayer .................................................................................................................10

## II. Parties

1. Sydni Beuhler is a resident of Austin, Texas.

2. The City of Austin is a Texas municipal corporation in the Western District of Texas. Brian Manley is Austin's policymaker when it comes to policing.

3. Officer Defendants are three as-yet unidentified Austin police officers. Upon information and belief, they include Officer Smart, Badge 8674 and Officer Gonzalez, Badge 7422.

## III. Jurisdiction

4. This Court has federal question subject matter jurisdiction over this 42 U.S.C. § 1983 lawsuit under 28 U.S.C. § 1331.

5. This Court has general personal jurisdiction over the Officer Defendants because they work and live in Texas. The City of Austin is subject to general personal jurisdiction because it is a Texas municipality.

6. This Court has specific personal jurisdiction over Officer Defendants and the City because this case is about their breach of Plaintiff's civil and constitutional rights that occurred here in Austin, Texas.

**IV.   Venue**

7. Under 28 U.S.C. § 1391(b), the Western District of Texas is the correct venue for this lawsuit because the events described above and below occurred in Austin.

**V.   Facts**

**A. Officer Doe arrested Sydni Beuhler even though Sydni was doing nothing wrong.**

8. On August 1, 2020 at approximately 7:00 pm, Sydni Beuhler was peacefully exercising her constitutional right to assemble and protest the government. She was protesting near the memorial of Garrett Foster, in the northbound lane of Congress Avenue near the intersection of 4th street.

9. Moments before her arrest, Austin police began forcing protestors to retreat northbound on Congress Avenue. Officers used horses and bicycles to force protestors backwards in the northbound direction on Congress Avenue.

10. Sydni was among the people in the front of the crowd that the police were forcing backwards. She retreated while continuing to exercise her First Amendment right to protest policy brutality. She backed up from the road and was inches away from the extended sidewalk. Even though protesters were complying with officer commands, police continued to pepper spray the crowd. When Sydni observed officers again pepper spray a fellow protestor, she turned to the officers and verbally expressed her outrage by yelling at the officers and verbally objecting to their conduct. An Officer, who is believed to be Officer Smart, responded by yelling: "We are arresting this one." Officer Smart wrapped his arms around Sydni and immediately picked her up into the air. He carried her away from the crowd and proceeded to throw her to the ground. Sydni is much smaller than the officer handling her arrest, yet two other officers got involved by kneeling on Sydni to hold her down. Sydni is all of 5'7" and weighs less than 145 pounds. She was not fighting or posing any risk to officers, yet three officers pinned her by kneeling on her back

3

and pressing her into the street. Upon information and belief, one of those officers was Officer Gonzalez, Badge 7422. The three officers used unnecessarily and excessive force. One officer knelt on Sydni's neck and another officer knelt on the base of her spine. A third officer was pressing her into the street as he handcuffed her. At the time the Officer Defendants' arrested Sydni, the police were still clearing the road and had not arrested the other surrounding protestors. Officer Smart singled out Sydni for arrest because of her verbal criticism of APD policy tactics to injury protestors.

11. The excessive force used by Officer Defendants in picking Sydni up, forcing her to the ground, kneeling on her back, and crushing her into the street caused Sydni to suffer a lower back disk bulge. Sydni now suffers from extreme back pain and neurological symptoms that interfere with her daily activities. The incident has caused Sydni physical, injury and pain, mental and emotional distress and discomfort, mental anguish, humiliation, and embarrassment. Sydni has been unable to return to subsequent protests to exercise her First Amendment rights against police misconduct because of her injuries.

VI. **Claims**

   A. **Officer Smart violated Sydni Beuhler's First Amendment rights when he arrested Sydni in retaliation for protesting police misconduct.**

12. Sydni Beuhler incorporates sections I through V above into her First Amendment claim.

13. Sydni brings this claim under 42 U.S.C. § 1983.

14. Sydni exercised her right to free speech and her right to assemble with other demonstrators to protest police brutality on August 1, 2020.

15. Officer Defendants' excessive force against Sydni while targeting her for arrest has caused her to suffer injuries that would chill the willingness of a person of ordinary firmness from continuing to engage in peaceful protest.

16. Officer Smart's decision to arrest Sydni was substantially motivated by Sydni's exercise of constitutionally protected conduct. The officers were clearing the road, and the protestors were moving from the road. Sydni herself was inches from the extended sidewalk. APD Officers, including the Officer Defendants arrested none of the other protestors who were standing in the same or similar location of the road as Sydni. Only Sydni was arrested at this time immediately after verbally expressing her outrage at the officers' actions. It is clear from the sequence of events that Officer Smart's decision to arrest Sydni was substantially motivated by Sydni's exercise of her First Amendment rights.

17. "The First Amendment also protects a significant amount of verbal criticism and challenge directed at police officers. Indeed, a core First Amendment freedom allows individuals verbally to oppose or challenge police action without thereby risking arrest [and] is one of the principal characteristics by which we distinguish a free nation from a police state." *Flores v. Rivas*, No. EP-18-CV-297-KC, 2019 U.S. Dist. LEXIS 178034 *44–46, 2019 WL 5070182 (W.D. Tex. 2019) (internal citations omitted). Officer Smart arrested Sydni because she criticized officers while protesting Austin police and other police departments around the country for their habitual use of excessive force. Officer Smart was acting under color of law when he arrested Sydni as retribution for Sydni exercising her First Amendment rights. Officer Smart and the other Officer Defendants were acting under color of law when they directly and proximately caused Sydni's injuries.

**B. Officer Defendants violated Sydni's Fourth and Fourteenth Amendment rights by using excessive force during her arrest.**

18. Sydni Beuhler incorporates sections I through VI.A above into her punitive damages claim.

19. The three officer Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for arresting Sydni with excessive force that constituted a deprivation of her Fourth and Fourteenth Constitutional right to due process.

20. Officer Defendants were acting under color of law when they arrested Sydni on August 1, 2020.

21. Defendants' unlawful and unjustified use of force against Sydni was excessive and was objectively unreasonable in light of established law. Sydni was attempting to comply with officers' demands to leave the street, even as she verbally criticized police conduct. Before she could reasonably comply, but after verbally expressing her outrage at police tactics, Officer Defendants violated Sydni's constitutional rights under the Fourth and Fourteenth Amendments to be free from excessive force and unreasonable seizure and her rights of due process of law and equal protection under the law. They lifted Sydni by her torso into the air and forced her to the ground. This was without any less extreme attempt to detain Sydni. The officer believed to be Officer Smart did not order Sydni to come with him or seek to detain her through less forceful means—he wrapped his arms around her torso and lifted her over a line of officers and bicycles. Officer Smart, with the assistance of another officer, forced Sydni to the ground on her knees. While she was on the ground, a third officer joined in the arrest by pressing Sydni into the ground. Officer Smart helped to hold Sydni down while the two other officers knelt on Sydni's back while she was on the ground, one on her neck and upper back, and the other on the base of her spine. The force of three officers on the back of a petite woman caused Sydni severe spinal injury, mental and emotional distress, and in light of at least two other victims of police excessive force by kneeling on their backs that resulted in death, a bona fide fear for her life.

22. The force used by the officer Defendants was unnecessary, excessive, and unreasonable under the circumstances because Sydni did not pose an immediate threat to the safety of the Officer Defendants or others. The use of such excessive force was objectively unreasonable and unnecessary. The decision to arrest Sydni, and to do so in such a violent fashion, as Sydni was in the process of complying with police commands to exit the roadway while continuing to exercise her First Amendment rights, was wholly motivated by her presence at a protest against police brutality and the verbal criticism she directed toward police. Sydni posed no threat to officers to justify the use of such excessive force during her arrest. A reasonable officer would have clearly understood that that his conduct was unlawful in the situation he confronted.

23. Defendants engaged in a willful, malicious, and reckless course of conduct that was intended to cause and, in fact, did cause Sydni to suffer extreme and severe physical injuries, mental and emotional distress, agony, and anxiety.

24. Defendants' unlawful and unconstitutional use of force against Sydni directly and proximately caused her damages.

**C. Officer Defendants acted with such impunity and reckless disregard for Sydni's civil rights, this case warrants damages that will deter this type of misconduct in the future.**

25. Sydni Beuhler incorporates sections I through VI.B above into her punitive damages claim.

26. Officer Defendants' actions and conduct were egregious, reckless, and endangered the peaceful protesters including Sydni. Sydni seeks punitive damages to deter this

type of retaliatory excessive force against protesters who demonstrate against police brutality in the future.

### D. The City of Austin's policy of using excessive violence to control demonstration crowds violated protesters' First, Fourth, and Fourteenth Amendment rights.

27. Sydni Beuhler incorporates sections I through VI.C above into her *Monell* claim against the City of Austin.

28. Sydni brings this claim under 42 U.S.C. § 1983.

29. Austin had these policies, practices, and customs on August 1, 2020:

   a. A policy of using excessive force against non-violent demonstrators,

   b. A policy not to adequately train officers regarding civil rights protected by the United States Constitution,

   c. A policy not to adequately train officers in crowd control during non-violent protests,

   d. A policy not to adequately supervise officers doing crowd control during non-violent protests,

   e. A policy not to intervene to stop excessive force and civil rights violations by its officers during non-violent protests,

   f. A policy not to investigate excessive violence by its officers against peaceful protesters, and

   g. A policy not to adequately discipline officers for—and deter officers from—using excessive force and violating protesters' civil rights during demonstrations.

30. The City of Austin and Austin Police Chief Brian Manley knew about these policies and directed Austin police to comply with them. The City and Chief Manley developed and issued these policing policies with deliberate indifference to Sydni's and other peaceful demonstrators' civil rights.

31. The City and Chief Manley were aware of the obvious consequences of these policies. Implementation of these policies made it predictable that Austin police would violate Sydni's constitutional rights in the manner they were, and the City and Chief Manley knew that was likely to occur. It was obvious that these policies would injure more people on August 1, 2020 because they had already injured so many people during protests earlier in the year. The City and Chief Manley condoned and ratified the civil rights violations and the conduct that caused injuries to Sydni Beuhler and others on August 1, 2020 by continuing the practices and policies that lead to similar and more severe injuries earlier in the year.

32. These polices were the moving force behind Officer Defendants' violation of Sydni's civil rights and thus proximately caused Sydni's severe injuries and potentially permanent disability.

## VII. Damages

33. Sydni Beuhler incorporates sections I through VI above into this section on damages.

34. Sydni seeks recovery for all of her damages including past and future pain, past and future mental anguish, past and future disfigurement, past and future physical impairment, past and future loss of enjoyment of life, past and future medical expenses, past and future lost income, past and future loss of consortium, past and future loss of services, miscellaneous other economic damages including out-of-pocket expenses, pre- and post-judgment interest, attorney's fees, expenses, and costs.

## VIII. Request for jury trial

35. Plaintiff requests a jury trial.

## IX. Prayer

36. For all these reasons, Sydni Beuhler requests that the City of Austin and Officer Does be summoned to appear and answer Sydni's allegations. After a jury trial regarding her claims, Sydni seeks to recover the damages listed above in an amount to be determined by the jury and any other relief to which she is entitled.

Respectfully submitted,
Hendler Flores Law, PLLC

*/s/ R Webber*

_____
Rebecca Webber
rwebber@hendlerlaw.com
Scott M. Hendler
shendler@hendlerlaw.com
**HENDLER FLORES LAW, PLLC**
1301 West 25th Street, Suite 400
Austin, Texas 78705
Telephone: 512-439-3202
Facsimile: 512-439-3201

Attorneys for Plaintiff